UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DERRICK CABBIL-BEY,

        Plaintiff,        Case No. 1:09-cv-723

v.        Honorable Paul L. Maloney

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants Michigan Department of Corrections, Patricia Caruso, Jeff Baumann, Mary Berghuis, and Thomas Bell. The Court will serve the complaint against Defendants Dave Burnett and Shirlee Harry.

**Discussion**

I.  Factual allegations

Plaintiff Derrick Cabbil-Bey presently is incarcerated at the Chippewa Correctional Facility, though the actions he complains of also occurred while he was housed at the Muskegon Correctional Facility (MCF). Plaintiff purports to bring a class action on behalf of himself and others like him, including Alfred E. Owens-El, Richard D. Dyer-Bey, Johnny H. Alexander-Bey, Damon S. Bentley-El, Cole D. Stevenson-Bey, and Glenn L. Ethridge-El. In his amended complaint, Plaintiff sues the Michigan Department of Corrections (MDOC), MDOC Director Patricia L. Caruso, MDOC Special Activities Director Dave Burnett, MDOC Internal Affairs and Litigation Administrator Jeff Baumann, MCF Warden Shirlee A. Harry, Brooks Correctional Facility Warden Mary Berghuis, and Carson City Correctional Facility Warden Thomas Bell.[1]

Plaintiff alleges that, on March 19, 2007, he submitted a formal request for religious recognition to Defendant Harry, as warden at MCF. Specifically, he sought recognition as an Ismaili Moslem member of the Moorish Science Temple of America, Inc., Reincarnate Temple of Detroit. On March 29, 2007, he received a response from Harry, in which she denied separate services for his group. Harry advised Plaintiff that, "[p]er Dave Burnett, CFA Special Activities Director, you can direct your written request for separate services for Ismaili Islam to him and he will respond on behalf of the Department of Corrections." (Am. Compl. at 3, docket #8.) On March 30, 2007, allegedly in retaliation for his request for religious accommodation, Plaintiff, together with other members of his religious sect, was placed in segregation pending a hearing on whether his

---

[1] In his original complaint, Plaintiff named the wardens of eleven additional MDOC facilities, whom he dropped from his amended complaint.

- 2 -

custody level should be increased from a Level II to a Level IV.  Plaintiff remained in segregation until August 20, 2007.

According to Plaintiff, a prior request had been submitted to Defendant Burnett for accommodation of the group, which was rejected by Burnett in a letter attached as Exhibit 10 to Plaintiff's original complaint.  (Ex. 10 to Compl., docket #1-11.)  In that letter, Burnett advised Akhenaton Ra Bey of the Moorish Science Temple, Reincarnated Temple 1 in Chicago, Illinois, that the MDOC did not recognize various denominations, sects or schools of thought within the recognized faith groups at the MDOC.  He acknowledged that some limited exceptions existed for certain denominations that had been recognized prior to 1992, when the current policy was adopted.  Burnett advised that members of the Reincarnated Moorish Science Temple were free to identify themselves as Moors under the recognized religion of Moorish Science Temple of America.  (Ex. 10 to Compl., docket #1-11.)

Plaintiff alleges that Defendants' refusal to recognize him as an Ismaili Moslem member of the Moorish Science Temple of America, Inc., Reincarnate Temple of Detroit violated MDOC Policy Directive 05.03.150, ¶¶ M and N.  He also suggests that the failure to recognize his religion violates his rights under the First Amendment.

Plaintiff seeks injunctive relief requiring the MDOC to "'recognize the religious materials, diet, symbols and emblems' for inmates who are members of the Moorish Science Temple of America, Inc., Reincarnate Temple of Detroit."  (Am. Compl. at 4, docket #8.)  He also seeks compensatory and punitive damages for the denial of his religious rights and the retaliation against him.

II.     Class Action

Plaintiff Derrick Cabbil-Bey purports to have filed the complaint on behalf of himself, six other specifically named individuals, and a class of similarly situated others. Plaintiff Cabbil-Bey is the only one of the seven named plaintiffs who has signed the complaint.

Except for self-representation, no person may bring an action in this court unless that person is a member of the bar. W.D. MICH. LCIV R 83.1(i); *see also Theriault v. Silber*, 579 F.2d 302 n.1 (5th Cir. 1978). Plaintiff Cabbil-Bey is not a member of the bar, and he may not bring an action on behalf of other individuals. Further, Plaintiff lacks standing to assert the constitutional rights of other prisoners. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996).

Moreover, to the extent he seeks class certification, his request will be denied. For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). It is well established that *pro se* litigants are inappropriate representatives of the interests of others. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Marr v. Mich.*, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996). Accordingly, because Plaintiff is an incarcerated, *pro se* litigant, the Court finds that he is not an appropriate representative of a class. Therefore, the Court will deny Plaintiff's request for class certification.

### III. Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

### IV. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make any allegations against Defendants Caruso, Baumann, Berghuis or Bell. It is a basic pleading essential that a plaintiff attribute factual allegations to particular

defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendants Caruso, Baumann, Harry, Berghuis or Bell in the body of his complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent Plaintiff intends to imply that Defendant Caruso is liable because she has supervisory responsibility over Defendants Burnett and Harry, he also fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene*

*v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Caruso engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against Caruso for that additional reason.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court denies class certification. It also determines that Defendant Michigan Department of Corrections is immune from suit and that Defendants Patricia Caruso, Jeff Baumann, Mary Berghuis, and Thomas Bell will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Dave Burnett and Shirlee Harry.

An Order consistent with this Opinion will be entered.

Dated:     December 15, 2009            /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        Chief United States District Judge